# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| AUTOMOTIVE HARDWARE SERVICE, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:08-CV-202 |
| ) | |
| ACCUBUILT, INC., ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on the *pro se* Verified Motion to Intervene (Docket # 17) filed by Timothy J. Lahrman ("Timothy") on December 4, 2008. The motion cites to Federal Rule of Civil Procedure 24(a)(2) and maintains that Timothy "is the founder, C.E.O. and President of Automotive Hardware Service, Inc." (Verified Motion ¶ 1).[1]

Timothy thus maintains that he has a right to intervene because the outcome of the suit, which is essentially a breach of contract action involving the sale of goods from Automotive Hardware to Accubuilt, will impair or impede his ability to protect his interests. In particular, Timothy asserts that his interest arises from a "guardianship trust" and that the plaintiff corporation is part of the trust res. (Verified Mot. 2).[2] According to a document that Timothy

---

[1] Timothy's Motion maintains that it is "Verified" but it does not meet the meaning of that term. *See Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985). In particular, what he offers in the motion is neither sworn as true before a notary public nor sworn under penalty of perjury, see 28 U.S.C. § 1746. See *Pfeil*, 757 F.2d at 859. As a consequence, the Court cannot consider his statements in ruling on this motion.

[2] Timothy has also failed to comply with the Federal Rule of Civil Procedure 24(c) requiring that any motion to intervene be accompanied by a pleading the identifies the basis for intervention. Ignoring the pleading requirement and offering only a general assertion concerning why intervention should be allowed is a fatal mistake. *Shevlin v. Schewe*, 809 F. 2d 447, 450 (7th Cir. 1987).

attached to his motion, he been adjudicated mentally ill and incompetent, and is an adult ward under a state court appointed guardianship. (Mot. to Intervene 4.)

Automotive Hardware filed a response (Docket # 18) on December 11, 2008, maintaining that Timothy actually has no legal interest in the corporation or the lawsuit, as he has not been a shareholder, director or officer of the plaintiff corporation for over twenty years. The plaintiff's assertion, unlike Timothy's, is actually supported by testimony, the affidavits of Automotive Hardware's corporate counsel and Scott A. Lahrman ("Scott"). In particular, Scott has established that he is the sole shareholder, director and president of Automotive Hardware. (Scott A. Lahrman Aff. ¶ 2).

Timothy did not file a reply, and the time to do so under our local rules has passed. *See* N.D. Ind. L.R. 7.1(a).

For the reasons provided, the Motion to Intervene will be DENIED.

## II. STANDARD ON A MOTION TO INTERVENE

Federal Rule of Civil Procedure 24(a), subtitled "Intervention of Right," provides in relevant part:

> On timely motion, the court must permit anyone to intervene who:
>
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that the disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Seventh Circuit has parsed this language into a four-part test, under which a party wishing to intervene of right must show (1) timeliness; (2) an interest relating to the subject matter of the main action; (3) at least potential impairment of that interest if the action is resolved without the intervenor; and (4) lack of adequate representation by existing parties. *E.g., Reid L. v. Ill. State*

*Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002). All these requirements must be met before intervention is allowed. *Wade v. Goldschmidt*, 673 F. 2d 182, 185 n.4 (7th Cir. 1982).

### III. DISCUSSION

Timothy does not point to any statute that provides him with an unconditional right to intervene, Fed. R. Civ. P. 24(a)(1), and therefore, in order to intervene as of right under Federal Rule of Civil Procedure 24(a)(2), he must bring himself within the terms of that rule.[3]

Automotive Hardware does not dispute that Timothy's motion is timely, but does argue that he has not shown, and cannot show, that he has an interest in these proceedings that would be impaired without his intervention, or that the plaintiff corporation is incapable of adequately representing any interest he may have. Timothy has not responded to these arguments.

As noted earlier, Timothy has not filed a pleading, so we do not know the precise interest he is asserting, although he appears to believe that the corporation is actually part of a guardianship estate under the supervision of an Indiana state court. The accuracy of Timothy's assertion is questionable, but the fact that a guardianship has apparently been established over him highlights another problem; that is, the right to bring any action to intervene belongs to the guardian. Ind. Code § 29-3-8-3 (setting forth the mandatory responsibilities of the guardian, including to "[p]rotect and preserve the property of the protected person"); Fed. R Civ. P. 17(c)(1) (providing that a representative, such as a general guardian, "may sue or defend on behalf of . . . an incompetent person").

Since the guardian has not sought to intervene, Timothy, on his own, cannot. The fact that he is apparently displeased with the course of the guardianship proceedings and the actions of the

---

[3] Timothy does not claim a right to permissively intervene under Federal Rule of Civil Procedure 24(b) and that rule would not appear to be applicable.

guardian is a matter for the state probate court to address.  In short, any interest in the subject matter of this action arising out of the guardianship estate would belong to the guardian, *not* Timothy.

Moreover, as far as can be discerned on this record, Timothy has no ownership interest in the corporation (*i.e.*, he does not claim to be a shareholder), nor any constitutionally protected interest, and he offers no answer to the rather fair observation that Automotive Hardware is fully capable of protecting its own interests in this litigation.

Finally, if all that Timothy wants, as he stated in his motion, is to "monitor the cause" (Mot. to Intervene 2), he may do so as any other member of the public.

### IV.  CONCLUSION

Based on this record, Timothy's motion to intervene fails both procedurally and on the merits.  Accordingly, Timothy's Motion to Intervene (Docket # 17) is DENIED.

Enter for this 8th day of January, 2009.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge